# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                                Case No. 16-31160-WRS
                                                                     Chapter 13
BRIDGET M. MITCHELL,

    Debtor

## MEMORANDUM DECISION

This bankruptcy case came before the Court on March 2, 2018, on this Court's Order to Show Cause dated January 29, 2018. (Doc. 53). Brandon Sellers appeared in Court and stated that he would refund the filing fee to the Chapter 13 Trustee for distribution to creditors.

The Court noted in its Order of January 29, that the petition filed in this case failed to disclose two prior bankruptcy filings–(1) Case No. 09-32609, filed September 25, 2009, which was dismissed May 20, 2011; and (2) Case No. 11-11311, filed August 1, 2011, under Chapter 13, and discharged March 7, 2016. Petitions in bankruptcy are signed by the Debtor under the penalties of perjury and by Debtor's counsel with a certification that he "has no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect." Petitions in bankruptcy call for the Debtor to disclose all bankruptcy filings made within the 8 years prior to the date of the petition. (Part 2, Para. 9) That certification was signed by Brandon Sellers, who is counsel of record in this case. Moreover, Sellers was counsel of record in Case No. 09-32609.

Sellers knew or should have known that the petition filed in this case contained a material misstatement of fact concerning the prior filings. He had actual knowledge of Case No. 09-32609, as he was counsel of record. As the Debtor had only recently completed her Chapter 13 payments in Case No. 11-11311, it strains credibility to believe that she was not aware of the

case. Moreover, Sellers should have checked PACER to determine prior filings. *See*, *In re Oliver*, 323 B.R. 769 (Bankr. M.D. Ala. 2005)(holding that Debtor's lawyer violated Bankruptcy Rule 9011 when he filed a bankruptcy petition in violation of an injunction against refiling, which could have been discovered with a PACER search). The Court has no way of knowing whether Sellers asked his client about prior filings or whether the client accurately reported them if he did. Sellers advised the Court that he is aware of this Court's decision in *Oliver* and that he routinely checks PACER to look for prior filings before he files a petition in bankruptcy. Thus, it appears that the filing of the petition in this case was the result of a breakdown in Seller's internal office procedures and not ignorance of the law.

On December 29, 2017, Sellers filed a Notice of Conversion, converting this case from a case under Chapter 13 to one under Chapter 7. (Doc. 30). The problem is that the Debtor is not entitled to a Chapter 7 discharge here because she received a Chapter 13 discharge in Case No. 11-11311. 11 U.S.C. § 727(a)(9)(providing that a Chapter 7 discharge is not available to one who has received a Chapter 13 discharge in a case filed within 6 years of the petition.[1] ) It appears that the omission of the prior filings on the petition in this case may have resulted in an ill-advised conversion. This assumes that Sellers consulted the petition and looked for prior filings before filing the Notice of Conversion. Nevertheless, had a PACER search been done prior to conversion, the current difficulty would have been avoided.

When a lawyer files a petition in bankruptcy, or any related schedule or statement, he must take reasonable precautions to make sure that his filings are accurate. Bankruptcy Rule

---

[1] There are exceptions if in the prior Chapter 13 case the debtor: (1) paid 100% of unsecured claims, or (2) if she paid 70% and it was her best effort. The Plan in 11-11311 was a 0% plan. Therefore, the exceptions do not apply.

9011. Sellers fell short of meeting his responsibilities here and makes no argument to the contrary. Rather, he complained of turnover in his office and the exigencies of a busy practice. In light of Sellers' promise to refund the fees, the Court will take no further action here, except to admonish him on two points. First, Sellers should revisit his office procedures and make sure that they are adequate to meet his responsibilities to his clients, this Court and the State Bar. Second, even if his procedures are adequate, he should make sure that his staff is adequately trained and supervised to insure that his internal procedures are properly executed.

Done this 8th day of March, 2018.

*/s/ William R. Sawyer*

United States Bankruptcy Judge

c: Bridget M. Mitchell
   C. Brandon Sellers, Attorney for Debtor
   Sabrina L. McKinney, Trustee